Rehearing granted, July 28, 2005

**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

TIMOTHY LLOYD JEFFERS,
            *Defendant-Appellant.*

No. 04-4018

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-03-209)

Submitted: August 30, 2004

Decided: September 17, 2004

Before WIDENER, GREGORY, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, L. Patrick Auld, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Timothy Lloyd Jeffers pled guilty to embezzlement by a bank employee in violation of 18 U.S.C. § 656 (2000), and was sentenced to a term of twenty-four months imprisonment. Jeffers appeals his sentencing, contending that the district court erred in determining the amount of loss, *U.S. Sentencing Guidelines Manual* § 2B1.1 (2003), and that the district court failed to recognize its authority to depart downward. We affirm.

Jeffers, a loan officer at Central Carolina Bank, made a number of unauthorized loans to customers without their knowledge. The disbursal checks were made out to Jeffers' account at Mid-Carolina Bank. An inquiry began after a Central Carolina Bank customer discovered at the end of January 2002 that the bank system showed that he had two loans, not one, as he believed. Jeffers met with bank auditors on February 26, 2002, and admitted making three fraudulent loans totalling $63,600. By April 10, 2002, the auditors had determined that Jeffers made nine unauthorized loans totaling $105,164.04. In addition, a relative of Jeffers told a bank employee that Jeffers had a teller check for over $200,000. The bank determined that a teller check was missing. On March 12, 2002, Jeffers returned to the bank a teller check made payable to Mid-Carolina Bank for $215,000. The check had been completed on February 2, 2002, but was never cashed.

At sentencing, Jeffers argued that the $215,000 teller check should not be included in the amount of loss for sentencing purposes, because he returned it to the bank before negotiating it and the bank did not suffer any actual loss in that amount. The district court, however, determined that the check was properly treated as an intended loss because the bank was exposed to a loss in that amount and because Jeffers' theft of the check was part of the same course of conduct as his fraudulent loans.

Jeffers first argues on appeal that the teller check should not have been included in the loss calculation because (1) he did not negotiate the check and did not intend to use it; (2) it was not part of the series of unauthorized loans he made, which he states occurred between

June 22, 2001, and December 12, 2001. The district court's interpretation of the term "intended loss" is a legal issue reviewed de novo. *United States v. Wells*, 163 F.3d 889, 900 (4th Cir. 1998). However, the defendant's intent to cause a particular loss is a factual question reviewed for clear error. *Id.* at 900-01.

Enhancements under § 2B1.1(b) are determined by the amount of loss suffered as a result of the fraud. The amount of loss is the greater of the actual loss or the intended loss. USSG § 2B1.1, comment. (n.2(A)). "Intended loss" is defined as "the pecuniary harm that was intended to result from the offense . . . and . . . includes intended pecuniary harm that would have been impossible or unlikely to occur. . . ." USSG § 2B1.1, comment. (n.2(A)(ii)). Consequently, the intended loss amount may be used, "even if this exceeds the amount of loss actually possible, or likely to occur, as a result of the defendant's conduct." *United States v. Miller*, 316 F.3d 495, 502 (4th Cir. 2003).

Finally, Application Note 3(E)(i) to § 2B1.1 provides that credit against a loss amount may be given when money is returned to the victim "before the offense is detected." The application note further defines the "time of detection" as "the earlier of (I) the time the offense was discovered by a victim or a government agency; or (II) the time the defendant knew or reasonably should have known that the offense was detected or about to be detected by a victim or government agency." *Id.*

Jeffers offered no evidence at sentencing to support his position that he did not intend to use the check. Therefore, the district court did not clearly err in finding that Jeffers intended to use the check when he created it and removed it from the bank. Moreover, his theft of the teller check was relevant conduct because it was, if not part of a common scheme or plan to defraud the bank, at least part of the same course of conduct. *See* USSG § 1B1.3(a)(2), comment. (n.9(A)-(B)) (defining both terms). To be part of the same course of conduct, offenses must be "sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." *Id.* at (n.9(B)). Jeffers' theft of the check was a further attempt to embezzle money from the bank, even though he did not cash it and ultimately returned it. Because Jeffers

did not return the check until well after the offense had been detected, he was not entitled to have it credited against the intended loss amount.

Jeffers next maintains that, because the district court did not depart below the guideline range, the court may have believed that it lacked authority to do so. The sentencing court's decision not to depart is not reviewable on appeal unless its decision results from a mistaken belief that it lacks the legal authority to depart. *United States v. Shaw*, 313 F.3d 219, 222 (4th Cir. 2002). Jeffers did not request a departure. In light of this fact and the absence of any statement on the part of the district court indicating its belief that it lacked authority to depart, Jeffers' request for resentencing on this ground is without merit.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*